**NUNGESSER, Plaintiff-Appellee, v. SUHAYCIK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21663. Decided February 27, 1950.

Edwin Knachel, Cleveland, for plaintiff-appellee.
J. E. Gerity, Cleveland, for defendant-appellant.

(CONN, PJ, of the 6th District; Hunsicker and Doyle, JJ, of the 9th District sitting by designation in the 8th District.)

## OPINION

By CONN, J:

This action was begun in the Municipal Court of Cleveland by plaintiff-appellee against the defendant-appellant to recover damages in the amount of $200.00 for bodily injuries received when struck by the defendant's automobile. The case was tried by the court and jury. A verdict in the sum of $100.00 was returned by the jury against the defendant and judgment entered thereon. Defendant appeals on questions of law.

Plaintiff alleged that the defendant was negligent in the following particulars:

1. In that he failed to stop within the assured clear distance ahead.

2. In that he failed to have the automobile he was operating under control so that he could stop the same or divert the course thereof in time to avoid the collision.

3. In that he failed to maintain a proper look-out so that when he should have seen the automobile of the plaintiff, he could have stopped or diverted the course of the automobile he was operating in time to avoid the collision.

These specifications of negligence were each denied by the defendant.

It is not disputed that the plaintiff in operating his automobile on the morning of January 26, 1948, in an easterly direction over the Main Avenue Bridge and in the vicinity of West 28 Street Ramp, as he passed over the knoll and traveling in the middle lane of the three-lane highway for east bound traffic, his motor vehicle skidded turning at an angle to the highway until the rear wheel struck the curb, the automobile then coming to a stop at an angle with the highway, the front end of his automobile extending about two feet into the middle lane of the traffic; that when the automobile came to a stop it was easterly over the top of the knoll; that the plaintiff tried to operate his automobile but could not do so on account of the snow and ice at the curb.

It further appears that the plaintiff then got out of his automobile and walked around to the left front side and while in the highway was struck by the automobile operated by the defendant, as it skidded into and collided with the plaintiff's motor vehicle.

The streets were wet with melting snow and at the point over the knoll and down to the place where the collision occurred there was some ice on the pavement.

Plaintiff's evidence tends to show that when he observed defendant's automobile skidding toward him, he endeavored to reach the curb, but had not reached there when he was struck and injured on his right leg below the knee; that he received emergency medical care at a hospital, his leg bandaged and then taken to his home; that he saw his own doctor twice who treated his injury; that he suffered pain for about a week; that he lost about three hours a day from his business for about ten days.

The evidence was conflicting in respect to plaintiff's location in the street, immediately before he was struck, what he was doing at the time and as to what effort he made to reach the curb in order to avoid being injured. There is also some conflict relative to the place where defendant's automobile started to skid and the distance from the place where plaintiff's automobile was standing at an angle in the highway. There was also a conflict in the evidence as to whether the roadway was completely blocked.

Defendant testified that he was 75 to 100 feet away from the place where plaintiff's car was standing when he went into a skid and that there was a curve in the highway and a knoll that obstructed his view; that he slackened his speed to thirty miles an hour as he approached the curve and twenty-five miles an hour or slower on coming to the knoll.

The errors assigned are that this verdict is not sustained by sufficient evidence, is contrary to the weight of the evidence and that the court erred in its general charge to the jury. Defendant also claims that the court erred in its refusal to grant defendant's motion for a directed verdict at the close of plaintiff's case. However, as defendant did not stand on his motion, but proceeded to put in his evidence, the alleged error was waived.

We have given consideration to each of the errors assigned. Defendant claims the court erred in its charge to the jury in several particulars. These we have considered. The charge as a whole covers each and all of the issues raised on the pleadings and the evidence. It might have been more definite in some particulars including the rights and duties of the parties arising under the several ordinances to which the court called the jury's attention. However, as defendant made no request for a fuller charge in these instances, the alleged errors in the charge are errors of omission only and under the circumstances cannot be held to be prejudicial to the defendant.

As there was no prejudicial error in the submission of the case, we cannot say on the whole record that the verdict is contrary to law, or that it is manifestly against the weight of the evidence. The weight of the evidence was for the jury and it appearing that the verdict is sustained by credible evidence, the judgment, in our opinion should be affirmed.

Judgment affirmed. Exceptions. Order see journal.

HUNSICKER, J, DOYLE, J, concur.